UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS SERRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 cv 3408 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| BRENDA TAYLOR, D.D.S, | ) | |
| | ) | |
| Defendant. | ) | |

### Order

For the reasons provided, plaintiff's proposed amended complaint, construed as a motion [29], is denied.

### Statement

Plaintiff, Luis Serrano, has filed a proposed amended complaint seeking to add as a defendant Thomas Dart, the sheriff of Cook County, as well as Cook County. In his proposed amended complaint, plaintiff alleges that Dart and Cook County have a widespread policy and practice of deliberate indifference to inmates' serious medical conditions and have failed to respond appropriately to emergency grievances filed about these medical conditions. This proposed amendment comes over a year since plaintiff originally filed this case and several months after the close of discovery. For the reasons stated below, plaintiff's motion is denied [29].

Plaintiff originally filed his lawsuit against a dentist, Brenda Taylor, D.D.S., for deliberate indifference to medical needs under 42 U.S.C. Section 1983. Dr. Taylor removed plaintiff's wisdom tooth and allegedly dropped a scalpel in his mouth causing him injury. Plaintiff further alleges that Dr. Taylor failed to follow-up with plaintiff after treating him with non-dissolvable sutures. Instead of removing those sutures in one week, as Dr. Taylor originally recommended, plaintiff had to wait three weeks, allegedly causing him pain and suffering.

1

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." However, "the District Court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile."[1] Plaintiff in this case is acting *pro se,* but he is also a plaintiff in another case, *Serrano v. Dart*, 13 C 5519, where, represented by counsel, he has sued Sheriff Dart under a *Monell* theory of liability, alleging that there is a widespread and customary practice of denying inmates access to orthopedic services and an inadequate grievance process for the denial of emergency medical care. In that case, filed several months before the close of discovery in the instant case, plaintiff quotes the exact same letter he references in the proposed amended complaint, which he alleges put the Sheriff's Office on notice that the grievance process for medical treatment is inadequate. Thus, plaintiff's inaction in this case is not the result of his lack of counsel or lack of knowledge but, rather, lack of diligence. Discovery has been closed since May of 2014 and the Court is now ready to take up the proposed dispositive motion by Dr. Taylor. Allowing such an expansive amendment now, bringing into the case two additional defendants, as well as an entirely new theory of the case, would require the court to re-open (and the parties to re-do) discovery. Such an action is prejudicial to Dr. Taylor. Under these circumstances, courts have denied such requests.[2]

Further, we believe that the bare bones proposed amendment does not adequately state a claim against the Sheriff in his official capacity. Under *Monell v. Dep't of Social Servs. of the City of New York*,[3] three different grounds exist for an official policy claim against a municipal actor: 1) an express policy that causes a constitutional deprivation when enforced; 2) a widespread practice that was so permanent and well settled as to constitute a custom or usage

---

[1] *Bethany Farmer Pharmacal Co. Inc. v. QUC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).
[2] *Id.*
[3] 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

with the force of law; or 3) a constitutional injury caused by an official with final policymaking authority. An "official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity."[4]

But in this case, plaintiff only sets forth allegations resulting from a single negligent alleged act by Dr. Taylor. To prevail against the Sheriff in his official capacity, plaintiff must show that the sheriff and the County were aware of a substantial risk to plaintiff and that they failed to take appropriate steps to protect plaintiff from this known medical risk.[5] The proposed amendment does not set forth any facts that would establish this. Plaintiff does not plead that the Sheriff knew or condoned this alleged act, or that plaintiff attempted to access the grievance process which he claims to be constitutionally inadequate to redress his alleged injury. There must be some relationship between the policy alleged and the injury to state a *Monell* claim.[6]

Plaintiff might well be able to plead these facts, but given the inexcusable delay and prejudice to Dr. Taylor which would result from an amendment at this late date, the Court will not allow him the opportunity. The motion to amend the existing complaint, therefore, is denied [29].

Date: September 25, 2014 /s/ Magistrate Judge Susan E. Cox

---

[4] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).
[5] *See Frake v. City of Chicago,* 210 F 3d 779, 782 (7th Cir. 2000); *Proffitt v. Ridgway*, 279 F 3d 503, 507 (7th Cir. 2002).
[6] *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir.2003) (explaining that "to establish a genuine question of fact as to whether [the defendant was] deliberately indifferent to [the plaintiff's] safety," the plaintiff must show that the defendant has "a custom or policy that contributed to the infliction of the assault and his resulting injury").